GERTRUDE JACKSON *vs.* E. G. BURNHAM.

Waldo.        Opinion October 31, 1930.

*Arthur Ritchie*, for plaintiff.
*Buzzell & Thornton*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, JJ. PHILBROOK, A. R. J.

PHILBROOK, A. R. J.   This is an action in a plea of land where-
in the plaintiff claims that she has been disseized of a certain par-
cel of real estate situate in the Town of Freedom, Waldo County.
The defendant pleads the general issue, *nul disseizin*, and for brief
statement further says that title to the land is not in the plaintiff
but is in the defendant. No disclaimer was filed. The case is before
this court on plaintiff's exceptions, being five in number.

*First exception:* Admission of defendant's exhibit four, which, as
claimed by counsel for the defendant, is a copy of an adjudication
in bankruptcy of E. G. Burnham, the herein defendant. It was ob-
jected to by counsel for the plaintiff on the ground, as stated in the
record of the trial of the case at bar, that "it is not the original
records, and no evidence has been proven of the original records."
The court below ruled "I will admit it for the reason it is an au-
thenticated copy by the Clerk of the United States District Court."
But the exhibit is not a copy of a record to be found in the District
Court, attested by the Clerk of that Court, an exhibit which might
have been easily obtained, but is a copy of a record in the Waldo
Registry of Deeds and attested by the Register of Deeds. It is a
copy of a copy and its admission was a violation of the best evi-
dence rule. Moreover, the reported evidence fails to show that the
defendant in the case at bar and the bankrupt, although of the

same name, are one and the same person. If such be the fact it could have been easily proved. The defendant testified that at the time of the trial his residence was Amherst, New Hampshire, and that prior to his residence in the latter state he had lived at Freedom, Maine. There is no testimony showing that he lived in Cutler, Maine, the town in which the bankrupt lived, at the time of this adjudication in bankruptcy.

*Second exception:* Admission of defendant's exhibit number three, which is a deed given by Henry W. Sawyer, trustee of the bankrupt estate of Edwin G. Burnham, of Cutler, Maine, to Jarvis B. Woods. Since this deed constitutes one link in the chain of title upon which the defendant relies, it should not have been admitted in the absence of proof that the defendant, and the Burnham who resided in Cutler, are *idem persona.*

*Third exception:* Admission of defendant's exhibit number twenty, a copy of a plan certified by the Register of Deeds for the County of Kennebec as a true copy of a part of a plan as filed in Book of Plans No. 4, page 44, plan 69. The legend purports to show that the original was made by Charles Hayden and Joseph Norris in the month of November, 1818. By the great weight of authority, Federal and State, a certified copy of a map or survey on file in the land office is usually held admissible in evidence with the same effect as the original, provided the original has been so approved and recorded as to become a record of that office. 22 C. J., 828, and cases there cited. The plaintiff takes nothing by this exception.

*Fourth exception:* Admission of defendant's exhibit number nineteen, an ancient plan. This exception was not pressed in argument, and in view of an agreement made and signed by counsel on both sides as to its presentation before this court in its original dilapidated condition, and as a part of the "admitted evidence," this exception needs no consideration.

*Fifth exception:* Directed verdict for the defendant. In her declaration the plaintiff claims disseizin by the defendant of land bounded and described as follows: "Northerly by land of Bert Griggs; easterly by land formerly of John Hustus and land of William S. Keen; southerly by the road leading from Montville to

Albion Corner; and westerly by land formerly of one Parson and Frank Nutt, containing one hundred and sixty acres, more or less, excepting about forty acres, with the buildings thereon, on the southerly end of the above described land, which is set off by stakes and stones for corners, set by Bragdon and Dennett, which forty-acre lot is described in deed recorded in the Waldo Registry, said Bragdon and Dennett being the grantees."

In support of her title she presents plaintiff's exhibit two, which is a warranty deed to her from Edward J. Vose dated February 12, 1926, and recorded in Waldo Registry June 3, 1926. This deed contains the following description of the land: "Situated in the town of Freedom, Maine, in the county of Waldo, bounded and described as follows; (to wit) the same deeded to Edward J. Vose and Joseph H. Sayward by Ephraim Bragdon and Ada A. Bragdon of Freedom, Sept. 19, 1894, and recorded in Book #240, page 450, for a better description see book 205, page 175, Sept. 18/1889; except a three cornered lot of land said to contain four acres, more or less, which I sold to Von Wiggens of Freedom, Maine, and bounded on the northerly and eastly side by Briggs and Hustus and on the westly side by road from Freedom to Liberty."

Plaintiff's exhibit three, dated November 26, 1901, and recorded November 28, 1901, is a warranty deed from Joseph H. Sayward to Edward J. Vose, conveying an undivided half of the premises conveyed by plaintiff's exhibit two, but gives no additional information as to the metes, bounds, courses or distances, which would identify, or assist in locating the land involved in this suit.

Plaintiff's exhibit four, dated September 19, 1894, recorded September 28, 1894, is a warranty deed from Ephraim Bragdon to Edward J. Vose and Joseph H. Sayward, and evidently is the conveyance referred to in plaintiff's exhibit two. In this deed the description is as follows: "A certain lot or parcel of land situated in Freedom, county and state aforesaid, to wit: same as deeded to me by Ursula G. Parsons Sept. 18" 1889 and recorded in the Waldo County Registry of Deeds in Book 205, page 175, to which deed and record reference may be had for a more particular description, and being the same real estate, or a part thereof, of the late Aaron Gould homestead (so-called) except about forty acres with the

buildings on the . . . comprising the cleared land to stake and stones for corners and bounds set by Bragdon and Frank P. Dennett to whom I sold and deeded the same about July 1893 and recorded in the aforesaid Registry at Belfast, Waldo County."

The plaintiff offered no other deeds. These exhibits fail to clearly identify the land described in the declaration or that contained in the warranty deed upon which the plaintiff relies to sustain her title.

The defendant offered twenty exhibits:

1. Quitclaim deed (copy) from Alice M. Woods to defendant, dated November 25, 1922, and recorded December 13, 1922. This is merely a release of reservations regarding standing timber and does not purport to convey any rights in land.

2. Quitclaim deed (original) from Jarvis B. Woods to defendant, dated July 11, 1921, recorded July 14, 1921. Three separate lots are described in this deed, but no one of the lots is described by metes, bounds, courses or distances which would identify or assist in locating the land involved in this suit.

3. Trustee deed from Henry W. Sawyer to Jarvis B. Woods, being the one already considered in the discussion of plaintiff's second exception. Rejection of this deed breaks the chain of title relied upon by the defendant and the remaining conveyances, thirteen in number, need not be considered.

4. Exhibits nineteen and twenty, copy of a recorded plan, and an original ancient plan, which have been already discussed.

Since the plaintiff, demandant, alleges disseizin by the defendant, tenant, it is equivalent to an admission that the latter is in possession. "Being in possession, and possession being *prima facie* evidence of title, the tenant will be entitled to prevail unless the demandant, taking upon himself the burden of proof, introduces evidence sufficient to overcome this *prima facie* evidence of title in the tenant, and shows, that, as against the demandant (not as against some third person), the tenant's possession is wrongful. The real struggle, therefore, under the general issue in a real action, is to see which party can show the better title in himself." *Wyman* v. *Brown*, 50 Me., 139.

As already observed, the plaintiff relies upon a warranty deed

dated February 12, 1926, and recorded June 3, 1926. The grantor in that deed held a warranty deed dated November 26, 1901, and recorded November 28, 1901. Possession by the demandant, or by her father in her behalf, and by her predecessors in title, is shown to have existed for more than twenty years prior to the alleged disseizin.

On the other hand the tenant shows only quitclaim deeds as basis for his claim of title, the last one in the chain being dated July 11, 1921, and recorded July 14, 1921. The writ in the case is dated October 29, 1929.

For reasons thus given we hold that the demandant has sustained the burden laid upon her.

The oral testimony given in the case is confusing and conflicting but a careful study of the same leads to the conclusion that the real issue is the true location of the boundary line between land belonging to the plaintiff and land belonging to the defendant. To allow the directed verdict for the defendant to stand would be to give him the entire lot belonging to the plaintiff, consisting of about one hundred twenty acres, instead of settling the location of a boundary line. Neither justice nor legal principles involved in the case can allow such conclusion.

The mandate must be,                    *First, second, and fifth exceptions sustained.*